■ STELLA M. KOREN, Appellant, v WILLIAM P. KOREN, Respondent. [709 NYS2d 249] —Spain, J. Appeal from a judgment of the Supreme Court (Coccoma, J.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered May 5, 1999 in Otsego County, upon a decision of the court.

Upon defendant's default in this divorce action, Supreme Court continued custody of the parties' child with plaintiff and conducted an inquest—at which defendant appeared—on the

issues of child support and equitable distribution. Applying the Child Support Standards Act (*see*, Domestic Relations Law § 240), the court concluded that defendant was obligated to pay child support in the amount of $57.83 per week, with $2,503.23 in arrears as of April 1, 1999. On the matter of equitable distribution, the court found that the parties had previously divided what little assets they had and that, therefore, the only issue concerned the marital debt. The court concluded that, inasmuch as all of the credit cards were in defendant's name alone, he would be responsible for the parties' $8,900 in credit card debt and plaintiff must reimburse him for one half of that amount. Since plaintiff lacked any assets which she could use to reimburse defendant for her share of this credit card debt, Supreme Court determined that defendant would receive a credit or offset against his child support arrears and future child support obligation in the amount owed to him by plaintiff for credit card debt, i.e., $4,450. As a result, defendant owed no arrears and his obligation to pay child support was suspended until November 23, 1999. Judgment was entered accordingly and plaintiff appeals.

The record is insufficient to permit our review of the credit or offset challenged by plaintiff on this appeal. Defendant testified at the inquest that he intended to discharge the credit card debt in bankruptcy and that he had provided a bankruptcy attorney with all the records necessary to proceed once the divorce was finalized. If defendant were to discharge the entire marital credit card debt in bankruptcy, the credit or offset granted by the court would result in a windfall to defendant, who would thereby avoid $4,450 in child support without having to pay that amount to the creditors (*cf.*, *Brown v Brown*, 201 AD2d 892) and this windfall will have occurred at the expense of the child, who was deprived of $4,450 in support.

Despite defendant's assertion at oral argument that he, in fact, never filed for bankruptcy and does not intend to do so, this matter should be remitted to Supreme Court to determine whether defendant discharged or will discharge the debt in bankruptcy, an issue which should have been resolved before any credit or offset against past, present or future child support was granted.

Mercure, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the decision is withheld, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.